**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ignacio Saenz,                         )   No. CV 13-77-PHX-JAT
                                       )
           Petitioner,                 )   **ORDER**
                                       )
vs.                                    )
                                       )
                                       )
Jeffrey Van Winkle; et al.,            )
                                       )
           Respondents.                )
                                       )
                                       )

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that this Court deny the Petition. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner has filed objections to the R&R. Consistent with *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), this Court will review the portion of the R&R to which there is an objection de novo.

**I.     Factual Background**

The R&R quotes the Arizona Court of Appeals' recounting of the facts of this case, which are as follows:

> On June 23, 2006, at 8:55 p.m., Arizona Department of Public Safety Officer Manjarres was patrolling Interstate 8 in Pinal County. He observed a pick-up truck, driven by Saenz, "cross[] over the solid white line . . . that

separates the slow lane from the emergency lane" for approximately three feet and then return to the driving lane. He followed the truck, determined it was going sixty miles per hour in a seventy-five-mile-per-hour zone, and observed it travel into the emergency lane again. He then initiated a traffic stop.

When Saenz rolled down the window, Manjarres smelled a "moderate odor of alcohol emitting from the vehicle." He noticed Saenz's face was flushed and his speech slurred. Saenz agreed to perform two field sobriety tests but refused to perform a third. Based on his performance on the tests, Manjarres decided to arrest Saenz for driving under the influence of intoxicating liquor (DUI) while impaired to the slightest degree. Saenz physically resisted as Manjarres attempted to place handcuffs on him, so Manjarres released him to create distance and drew his taser. As Saenz ran toward his truck, Manjarres fired his taser, hitting Saenz in the back. Saenz removed the taser "probes" and fled in his truck. A twenty-six mile chase ensued, ending when Saenz drove his truck into the desert, turned off his lights, and fled on foot. Saenz was arrested at his place of work a few days later.

Doc. 15 at 1-2 (quoting Doc. 13-2 at 93-94).

Petitioner does not object or argue that the above quoted language accurately represents the Arizona Court of Appeals' decision. Accordingly, the Court adopts this summary as the finding of the state court. However, Petitioner does object and argue some of the facts are incorrect. The Court will address those objections as necessary below.

## II.   Preliminary Requests

Petitioner asks this Court to release him from the Arizona Department of Corrections so that he can do discovery on this case. That request is denied.

Petitioner also complains about his lack of counsel. Specifically, Petitioner states, "...Petitioner was also denied a Federal Public Defender by a Federal Judge to promptly represent him for what the state court Judges refused to do." Doc. 18 at 40.

The rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures (Rule 6(a), 28 U.S.C. foll. § 2254), or if an evidentiary hearing is required (Rule 8(c)), but "[t]hese rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires." Rule 8(c)....

...In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See, e.g., Maclin v. Freake,* 650 F.2d 885, 887-88 (7th Cir.1981); *Dillon v. United States,* 307 F.2d 445, 447 (9th Cir.1962).

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, the Court has reviewed the Petition, Answer, R&R, and Objections. The Court does not find discovery is necessary. Further, the Court finds that Petitioner is capable of articulating his claims pro se and that Petitioner is unlikely to succeed on the merits. Therefore, to the extent Petitioner is requesting counsel, that request is denied.

**III.    Default of Claims**

The R&R concludes that this Court should not reach the merits of any of the claims made in the Petition because Petitioner failed to exhaust those claims in state court. Doc. 15 at 11. Petitioner does not dispute that he did not exhaust his claims in state court. Instead, Petitioner argues that his lack of exhaustion should be excused because it is the fault of his appellate counsel. More specifically, Petitioner alleges that he asked his appellate counsel to raise additional issues, and counsel did not. Doc. 18 at 25-26. Petitioner further alleges that counsel "...should have known better...." *Id.* at 26.

In *Martinez v. Schriro*, 132 S.Ct. 1309 (2012), the United States Supreme Court held that ineffectiveness of post-conviction relief counsel could excuse procedural default of claims of ineffectiveness of trial counsel. In *Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013), the Ninth Circuit Court of Appeals held that the exception *Martinez* created also applied to claims of ineffective assistance of appellate counsel.[1]

Notably, both *Martinez* and *Nguyen* created an exception for failing to exhaust claims of ineffective assistance of trial counsel. In this case, Petitioner elected to waive counsel and proceed pro se at trial. Doc. 13 at 4. Therefore, he does not have any valid ineffective

---

[1] "Cause" to excuse procedural default requires a showing that:
(1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral review proceeding."
*Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013) (alterations in original) (quoting *Martinez*, 132 S.Ct. at 1318-19; 1320-21).

assistance of trial counsel claims.[2]  Thus, the issue presented is whether *Martinez* (and *Nguyen*) are properly applied to claims of error at trial other than ineffective assistance of trial counsel.

In *Hurles v. Ryan*, 2014 WL 1979307, *9-10 (9th Cir. 2014), the Court of Appeals answered this question in Petitioner's favor.  Specifically, the Court of Appeals considered the merits of a claim that trial counsel raised, thoroughly argued, but lost (accordingly, trial counsel was not ineffective); yet appellate counsel failed to raise this claim on appeal (and accordingly, appellate counsel was ineffective).  *Id.*

Thus, this Court must consider the substance of each of Petitioner's unexhausted theories to determine whether any of them show a "substantial" claim of ineffective assistance of appellate counsel for failing to raise them on appeal, such that Petitioner's failure to exhaust would be excused.[3]  Under this formulation, exhaustion within the state courts is no longer required for any substantial claim, because it would always be excused by counsel's failure to raise it.  Thus, the end result is that this Court must always consider the "merits" of every claimed raised by every petitioner if the petitioner also raises ineffectiveness of appellate counsel or post-conviction-relief counsel.  It is not clear to this Court that the end of the exhaustion requirement was the intent of the Supreme Court in *Martinez*, but it is nonetheless the practical result.

---

[2] As discussed above, Petitioner proceeded pro se at trial.  In his objections, Petitioner states that his advisory counsel did not do enough to assist Petitioner.  Doc. 18 at 28.  If a defendant elects to waive counsel, but the court nonetheless appoints stand-by counsel or advisory counsel, there is no constitutional right to effective assistance from "waived" counsel.  *Cf. Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").  Therefore, to the extent Petitioner is attempting to make an ineffective assistance of counsel argument regarding advisory counsel, the claim fails.

[3] Petitioner also argues that his failure to exhaust should be excused because the inmate who wrote his Rule 32 petition in state court was ineffective for not raising these claims.  Doc. 18 at 35.  The Court finds that *Martinez* and its progeny do not extend to inmate assistance.

- 4 -

1    By this Court's count, Petitioner has nine unexhausted claims: 1) double jeopardy; 2)

2  ineffective assistance of trial counsel in failing to offer mental health evidence to the jury;

3  3) trial judge's error in failing to allow mental health evidence to be submitted to the jury;

4  4) trial judge's consideration of aggravating and mitigating factors at sentencing;[4] 5) certain

5  disputes of fact; 6) request for video; 7) alleged "with prejudice" dismissal and/or the state

6  trial judge received bribes; 8) facts do not support escape charge; and 9) arraignment was

7  defective.[5]   With respect to the claims that are raised before this Court for the first time by

8  way of Petitioner's objections, for purposes of this Order, the Court will give Petitioner the

9  benefit of liberal construction and determine whether they are substantial.   However,

10  procedurally, these claims are likely not properly before this Court for any purpose because

11  they were not raised in Petitioner's Petition.

12    **A.    Substantiality**

13    **Claims 1, 3, 4, and 9**

14    These claims are all alleged errors of state law.   The Supreme Court has "stated many

15  times that federal habeas corpus relief does not lie for errors of state law." *Estelle v.*

16  *McGuire*, 502 U.S. 62, 67 (1991) (internal quotation   marks omitted).   Accordingly,

17  Petitioner cannot state a claim that is substantial based on any of these alleged errors.

18    To the extent Petitioner has tried to characterize Claim 1 as a constitutional double

19  jeopardy argument, Petitioner is incorrect that he was placed in double jeopardy.

20  Specifically, Petitioner claims that the sentencing aggravating factor of covering up his

21  offense was inherent in the crime of escape; therefore the trial judge using that aggravating

22  factor was inappropriate.   Doc. 15 at 4 (summarizing Petitioner's claims).   However, the

23  Arizona Court of Appeals, after finding that Petitioner had waived this argument, held in the

24  alternative that Petitioner was wrong as a matter of state law.   Specifically, the Arizona Court

25  of Appeals stated:

26  _____

27    [4] As the R&R details, theories 1-4 are found in Petitioner's Petition. Doc. 15 at 4-5.

28    [5] Theories 5-9 are found in Petitioner's objections. Doc. 18.

In any event, we would not conclude that "covering up" a crime is inherent in the crime of escape.  Third-degree escape requires only that the person "knowingly escape[] or attempt[] to escape from custody" after having been arrested for, charged with, or convicted of a misdemeanor or petty offense.  A.R.S. § 13-2502.  There is no requirement that the purpose of the escape be to conceal evidence of a crime.

Doc. 13-2 at 96; Exhibit G at 5, n.2.

Accordingly, Claim 1, under state law, fails to raise a substantial double jeopardy issue. As a result of the foregoing, none of Claims 1, 3, 4, or 9 raise a claim that is substantial.

**Claim 2**

In Claim 2, Petitioner alleges ineffective assistance of trial counsel.  As discussed above Petitioner elected to proceed pro se at trial; therefore, Petitioner cannot bring a substantial claim of ineffective assistance of trial counsel. *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").

**Claims 5 and 8**

All of these Claims can be fairly characterized as Petitioner challenging the sufficiency of the evidence to support his conviction.

Under *Jackson* [*v. Virginia*, 443 U.S. 307 (1979)], a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324, 99 S.Ct. 2781. "The *Jackson* standard 'must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.' " *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir.2004) (quoting *Jackson*, 443 U.S. at 324 n. 16, 99 S.Ct. 2781).

*Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).

Here, the majority of Petitioner's "objections" encompass his alternative version of events.  By way of example, Petitioner argues that an officer testified that Petitioner was tasered in the shoulder, when Petitioner contends he was really tasered in the back.  Doc. 18 at 10.  As a further example, Petitioner argues that he did not escape, but instead, "left the scene for his safety do [sic] to a trigger happy D.P.S. employee who will tase someone when

- 6 -

he is not threaten [sic], ...." Doc. 18 at 8.

Here, the jury heard the evidence against Petitioner and the Court has reviewed the transcripts in the record. The Court cannot conclude that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Accordingly, Claims 5 and 8 are not substantial.

**Claim 6**

In Claim 6, Petitioner claims that there was a "hindered" video of his stop and that it was not produced to him in discovery. For example, Petitioner states "And the only evidence (the video tape) that proves Petitioner's innocence was withheld." Doc. 18 at 48. Petitioner also states, "The Arizona [sic] of Appeals without investigating facts allowed altered incident reports to this fraudulent case for an unlawful conviction and sentence, which an "Honorable" investigation for the Hindered D.P.S. video Surveillance tape that was not conducted by any agency involved in this fraudulent [sic] would have made a clear decision to close this case." *Id*. at 2.

As Petitioner recounts, at trial, the Officer who arrested him testified that a dash-cam did not exist in the patrol vehicle on June 23, 2006. *Id*. at 7. Petitioner claims this testimony was false. *Id.* On this record, Petitioner has presented no evidence, other than his self-serving allegations, that a video of the stop exists. The Court finds that Petitioner's unsubstantiated allegations cannot overcome the under-oath testimony of the Officer who stated that no camera was in the car. Further, even if Petitioner is correct that a video existed, Petitioner's own version of the events of that night show that the video likely would not have aided his defense. Accordingly, the Court finds that this claim is not substantial and his appellate counsel's failure to raise it does not excuse Petitioner's default of his claims.

**Claim 7**

Petitioner finally argues that at some point he was charged and then released because those charges were dismissed; then he was re-charged. Petitioner claims the charges and conviction that are the subject of this habeas petition are from the re-charging. Petitioner has a theory that the original charges were dismissed with prejudice, but the records were altered

to say without prejudice.

Petitioner's various allegations include, "On June 30th 2006, [Petitioner] was released from custody with no further Court dates since all charges were dismissed 'with prejudice.'...[The indictment, trial and sentencing] is misleading to make believe a lawful indictment is valid to charges that were for [sic] fact dismissed 'with prejudice.'" Doc. 18 at 16. Petitioner further alleges, "Here [P]inal county officials cover-ups were to hinder facts for a [sic] unlawful convictions. Altered court records, Bribing Judge to date fraudulent complaints and warrant after the unlawful arrest on July 6, 2006." *Id*. at 27. Petitioner also states, "As the trial court order states, Petitioner claimed his release order was altered to remove the words 'with-prejudice.'" *Id*. at 33. Petitioner also claimed, "[the] Detective ... and [the] Deputy County Attorney ... refused to tell the Grand Jury that all charges from June 23 and 28, 2006, were dismissed 'with prejudice.'" *Id*. at 50.

Attached to his objections at page 76, Petitioner has an order from a Pinal County Court setting his release conditions following a preliminary hearing. Doc. 18 at 76. Petitioner was released on his own recognizance ("OR"). *Id*. Petitioner has hand written under the section stating that he was released OR that it used to say "with prejudice" but someone reacted or deleted that information.

Petitioner has no evidence other than his own self-serving statements that this document ever said "with prejudice." Moreover, Petitioner's statements lack credibility because the document itself merely sets release conditions. It does not "dismiss" the charges against Petitioner such that the words with prejudice or without prejudice would logically have been present. Further, it is a preprinted form, and there is no space on it for any additional information. Thus, Petitioner's theory that the charges against him were ever dismissed with prejudice, but that someone altered the record to reflect otherwise, is not substantial and his appellate counsel was not ineffective for not raising it.

**B.     Conclusion on substantiality**

As recounted above, the Court finds that none of Petitioner's claims are substantial. Therefore, Petitioner's allegation that his appellate counsel was ineffective for not raising

1   these claims does not overcome Petitioner's default of these claims. Accordingly,

2   Petitioner's objection to the R&R's conclusion that his claims are procedural defaulted is

3   overruled.

4   **C.    Result of Default**

5   The Court agrees with the recommendation of the R&R that this Court find that all

6   of Petitioner's claims in his Petition were not exhausted, were procedurally defaulted and that

7   Petitioner has not shown cause to excuse the default nor has he shown a miscarriage of

8   justice. *See* Doc. 15 at 11. Further, as indicated above, Petitioner did not object to the

9   conclusion that his claims were defaulted, but instead suggested that such default should be

10  excused by ineffective assistance of counsel. The Court, having overruled that objection,

11  will accept the recommendation of the R&R and deny the Petition.

12  **IV.    Conclusion**

13  Based on the foregoing,

14  **IT IS ORDERED** that the Report and Recommendation (Doc. 15) is accepted as

15  modified to address Petitioner's objections. The objections (Doc. 18) are overruled. The

16  Petition is denied, with prejudice, and the Clerk of the Court shall enter judgment

17  accordingly.

18  **IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing

19  Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a

20  certificate of appealability because denial of the Petition is based on a plain procedural bar

21  and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v.*

22  *McDaniel*, 529 U.S. 473, 484 (2000).

23  DATED this 2nd day of July, 2014.

24

25

26  _____

27  James A. Teilborg
    Senior United States District Judge

28